# In the United States Court of Federal Claims

No. 18-934L

(Filed June 19, 2019)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| MASHICHIQUE EARL S.M. BURLEY, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) | Takings; Claim for the Taking of Tribal Lands Brought by Pro Se Individual; Individual Claims; Claims Barred by Statute of Limitations. |

Mashichique Earl S.M. Burley, Burlington, MA, pro se.

Amarveer S. Brar, Trial Attorney, with whom was Jean E. Williams, Deputy Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

The court has before it defendant's motion to dismiss, which is brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 10. Plaintiff filed a response to the motion to dismiss, titled "Notice of Demandant's Memorandum and Affidavit in Response to Motion to Dismiss by United States and Motion to Set Aside Tenant's Motion." See ECF No. 11. The government has also filed a reply brief. See ECF No. 18. For the reasons stated below, defendant's motion is **GRANTED**.

I.    Claims Asserted by Plaintiff

The court acknowledges that pro se plaintiffs "are not expected to frame issues with the precision of a common law pleading." Roche v. USPS, 828 F.2d

1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court. The complaint contains a narrative of the events underlying this suit that clearly identifies a takings claim, and it is to this claim that the court now turns.

In this suit, plaintiff Mashichique Earl S.M. Burley seeks to recover $77.7 billion for "treaty violations and illegal takings." ECF No. 7 at 3 (plaintiff's notice). This sum is based on the estimated value of approximately seven million acres in South Dakota, Nebraska and Oklahoma alleged to have been taken from The Ponca Tribe of Indians (hereinafter, Ponca Indians). Id. at 2-3; see also ECF No. 1 at 4, 15-16 (complaint); ECF No. 15 at 6 (plaintiff's motion for summary judgment). The complaint alleges that individual tribal members may assert the tribe's rights against the United States. ECF No. 1 at 10 (citing United States v. Dion, 476 U.S. 734 (1986)). The complaint also asserts that plaintiff is the "Sovereign Hereditary Ponca . . . Chief and U.S. Treaty Holder." Id. at 2.

The complaint also references the "fractionalization" of land now owned by the Ponca Indians, due to the "passage and implementation" of the "General [Allotment] Act of 1887, 24 Stat. 388," or "Dawes Act."[1] Id. at 3. According to plaintiff, the Dawes Act was, "with respect to The Ponca Tribe of Indians, . . . illegal." Id. As alleged in the complaint, land belonging to the Ponca Indians in Oklahoma was taken due to the passage of the Dawes Act and the "failed fiduciary trust performance by the United States Government." Id.

In addition, the complaint describes some interactions plaintiff and his mother had with the Bureau of Indian Affairs (BIA). These include a request for "an inventory of land owned by Zella Pugh." Id. at 13. The response, according to plaintiff, was "grossly understated." Id. The BIA is also reputed to have "illegally" probated Zella Pugh's estate. Id. The complaint asserts that plaintiff "appealed the initial probate decisions" on a pro se basis. Part of the relief requested in the complaint is alleged to be owed to plaintiff's family. Id. at 15-16.

In sum, the court discerns three potential claims in this suit, when all of the allegations of the complaint are considered. First, plaintiff brings a takings claim against the United States regarding approximately 7,000,000 acres of land taken from the Ponca Indians. Second, plaintiff appears to challenge the allotment of land in Oklahoma that belonged to the Ponca Indians. Third, plaintiff appears to

---

[1] This statute is also cited as the Act of Feb. 8, 1887, ch. 119, 24 Stat. 388, or the Indian General Allotment Act of 1887, ch. 119, 24 Stat. 388.

bring a claim regarding land owned by him and his family. The court will consider each of these claims in the analysis section of this opinion.

II. Standards of Review

    A. Dismissal under RCFC 12(b)(1)

When reviewing a complaint to determine its jurisdiction over a plaintiff's claims, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Reynolds, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

    B. Dismissal under RCFC 12(b)(6)

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss brought under RCFC 12(b)(6), "the allegations of the complaint should be construed favorably to the pleader." Scheuer, 416 U.S. at 236. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III. Analysis

The court begins its analysis with a review of this court's subject matter jurisdiction under both the Tucker Act and the Indian Tucker Act. The court next discusses the six-year statute of limitations for suits brought in this court. The court then turns to plaintiff's claims asserting the tribal rights of the Ponca Indians. Finally, the court considers plaintiff's individual land-based claims.

    A. Tucker Act Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2012). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). These include money damages claims against the federal government founded

3

upon the Constitution, an act of Congress, a regulation promulgated by an executive department, any express or implied contract with the United States, or any claim for liquidated or unliquidated damages in cases not sounding in tort. Id. (citing 28 U.S.C. § 1491(a)(1)).

### B. Indian Tucker Act Jurisdiction

The Indian Tucker Act, in its entirety, states as follows:

> The United States Court of Federal Claims shall have jurisdiction of any claim against the United States accruing after August 13, 1946, in favor of any tribe, band, or other identifiable group of American Indians residing within the territorial limits of the United States or Alaska whenever such claim is one arising under the Constitution, laws or treaties of the United States, or Executive orders of the President, or is one which otherwise would be cognizable in the Court of Federal Claims if the claimant were not an Indian tribe, band or group.

28 U.S.C. § 1505 (2012). Only tribal groups, not individual members of Indian tribes, may sue under this statutory provision. E.g., Fields v. United States, 423 F.2d 380, 383 (Ct. Cl. 1970) (citation omitted), Whiting v. United States, 99 Fed. Cl. 13, 16 (2011). In addition, as the plain text of section 1505 indicates, the Indian Tucker Act only provides jurisdiction in this court for claims arising after August 13, 1946. 28 U.S.C. § 1505; Ayanuli v. United States, No. 18-569L, 2018 WL 3486110, at *4 n.5 (Fed. Cl. July 19, 2018) (citations omitted).

### C. Six-Year Statute of Limitations

A suit must be filed in this court within six years of the date on which the claim stated in the complaint first accrued. 28 U.S.C. § 2501 (2012). Further, the six-year statute of limitations in section 2501 is jurisdictional and cannot be equitably tolled by this court. FloorPro, Inc. v. United States, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012) (citations omitted). In other words, extenuating circumstances cannot excuse the filing of a claim that arose more than six years before suit was filed in this court.

### D. Tribal Claims

Before turning, specifically, to the two tribal claims that may be discerned in plaintiff's complaint, the court considers two general challenges to these tribal claims raised by defendant. According to the government, at least two barriers to suit prevent this court from considering claims founded on the tribal rights of the Ponca Indians in a suit brought by Mashichique Earl S.M. Burley. First, defendant

4

notes that individual members of an Indian tribe cannot assert claims that are founded on the tribe's rights or property, as opposed to that individual's rights or property. ECF No. 10 at 13-15. Second, defendant argues that RCFC 83.1 does not permit a pro se litigant to represent anyone except himself and members of his immediate family. Id. at 15-16. Both of these challenges have merit.

The government notes, first, that although there are two federally-recognized tribes of Ponca Indians, plaintiff is not acting in an official capacity for either tribe according to the public records for those tribes. ECF No. 10 at 9 & nn.1-2. Nor does the complaint contain any allegation that plaintiff holds office in the tribal governments of either the Ponca Tribe of Indians of Oklahoma or the Ponca Tribe of Nebraska. Although plaintiff makes numerous allegations regarding his status as a hereditary chief of the Ponca Indians and of his descent from Ponca Indian chiefs who signed treaties with the United States in the 1800s, his claim that he is the official representative of a federally-recognized Indian tribe is not supported by the record before the court. Cf. ECF No. 11 at 7 (stating that "exceptions are made for such individuals who, like myself, represent tribes that are recognized by the federal government").

As argued by the government, plaintiff cannot sue the United States in this court for any tribal claims of the Ponca Indians because those claims must be asserted by the Ponca tribes themselves. See, e.g., Sac & Fox Indians of the Mississippi in Iowa v. Sac & Fox Indians of the Mississippi in Okla., 220 U.S. 481, 483-84 (1911); Blackfeather v. United States, 190 U.S. 368, 373-79 (1903); Hebah v. United States, 428 F.2d 1334, 1337 (Ct. Cl. 1970). Although precedential decisions have held that certain treaty rights provide an individual member of an Indian tribe with standing to sue in this court or in a district court, those cases concern individual rights, not the right of the tribe to recover compensation for the loss of its tribal lands. E.g., Dion, 476 U.S. at 738 n.4; Hebah, 428 F.2d at 1337-40. Plaintiff, pursuant to these authorities, cannot assert tribal claims for the Ponca Indians, and his claim for the taking of seven million acres of tribal lands, and any claim regarding the illegal allotment of tribal lands, must be dismissed.

Because plaintiff lacks standing to assert tribal claims of the Ponca Indians, the tribal claims stated in the complaint must be dismissed for lack of subject matter jurisdiction. See, e.g., De Archibold v. United States, 499 F.3d 1310, 1312, 1315 (Fed. Cir. 2007) (affirming the dismissal of treaty-based claims brought by individuals for lack of subject matter jurisdiction).

This court's rules also bar a pro se plaintiff from asserting tribal claims on behalf of an Indian tribe. See RCFC 83.1(a)(3) ("An individual who is not an attorney may represent oneself or a member of one's immediate family, but may

not represent a corporation, an entity, or any other person in any proceeding before this court."). Because plaintiff, proceeding pro se, may only represent himself or immediate family members, he cannot assert any claims of the Ponca Indians, whether the Ponca Indians mentioned in the complaint are considered to include all Ponca Indian descendants, or whether the complaint's references to Ponca Indians denotes the members of the two federally-recognized Ponca Tribes. As the government notes in its reply brief, no pro se plaintiff before this court has been allowed to assert the tribal claims of an Indian tribe. ECF No. 18 at 2-4 & n.1 (citing cases). Although plaintiff apparently contests the validity of RCFC 83.1(a)(3), he cannot assert tribal claims in this suit because he is proceeding pro se. See ECF No. 11 at 7 (alleging that the government's arguments founded on RCFC 83.1(a)(3) "seek to subvert the primacy of the Constitution and our [Ponca Indian] Treaties beneath a set of after-the-fact statutory policies cited to dissuade the Court from fulfilling its obligation to do justice").

Thus, even if this court possessed subject matter jurisdiction over plaintiff's claims founded on the tribal rights of the Ponca Indians, which it does not, the tribal claims stated in the complaint would be dismissed, in the alternative, for failure to state a claim upon which relief can be granted pursuant to RCFC 83.1(a)(3).

### 1. Alleged Taking of Seven Million Acres

A further impediment to the tribal claims stated in the complaint is timeliness. The events mentioned in the complaint that allegedly caused the taking of approximately seven million acres of land from the Ponca Indians occurred over one hundred years ago. Any takings claim founded on these events necessarily accrued more than six years ago. Therefore, the alleged taking of seven million acres is a claim barred by this court's statute of limitations, 28 U.S.C. § 2501, and this takings claim must be dismissed for lack of jurisdiction.

### 2. Alleged Illegal Allotment of the Ponca Indians' Land in Oklahoma

The enactment of the Dawes Act, which allegedly caused an illegal allotment of the land owned by the Ponca Indians, occurred over one hundred years ago. Any claim founded on the passage of the Dawes Act necessarily accrued more than six years ago. Thus, any claim based on the Dawes Act found in the complaint is barred by this court's statute of limitations, 28 U.S.C. § 2501. Therefore, to the extent that plaintiff challenges the allotment of the land owned by the Ponca Indians in Oklahoma, this claim, too, must be dismissed for lack of jurisdiction.

E. Plaintiff's Individual Land Claim

Plaintiff's claim based on land owned by him or members of his immediate family is difficult to analyze. No living immediate family members are identified in the complaint, for example. Further, there is no specific dollar amount of damages or compensation associated with this individual claim, as opposed to the tribal claims, in the complaint or plaintiff's other filings. This court cannot create a claim that is not identified by a pro se plaintiff. See, e.g., Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (stating that there is no duty for the trial court "to create a claim which [the plaintiff] has not spelled out in his pleading") (internal quotations and citation omitted).

The court notes that the facts set forth in the complaint which might be relevant to an individual claim based on land ownership are not stated in a manner that directly associates these facts with any particular legal theory of entitlement to relief. Nonetheless, the court will assess plaintiff's individual land-based claim by attempting to interpret relevant statements in plaintiff's filings in light of similar claims that have been brought before this court. Two individual claims can be identified through this careful review of the complaint and plaintiff's other filings.

1. Takings Claim

Plaintiff invokes the Fifth Amendment to the United States Constitution in the complaint and appears to premise all of his claims on a takings theory. ECF No. 1 at 1, 3, 15-16. In his response brief, plaintiff asserts that he now holds "Certified Title" to 101,894 acres of land in Oklahoma, which was passed down to him through an ancestor, but that this land was taken from his family "without just compensation." ECF No. 11 at 11; see also id. at 20 (asserting that plaintiff holds "legal title to 101,894 acres in current day Oklahoma"). To the extent that plaintiff alleges that his land, or land belonging to his immediate family members, was taken through the passage of the Dawes Act and the implementation of the allotment system by the United States, ECF No. 1 at 3, that takings claim accrued more than one hundred years ago and is barred by this court's statute of limitations. Plaintiff's takings claim based on his individual ownership of 101,894 acres of land in Oklahoma, or based on his immediate family members' ownership of 101,894 acres of land in Oklahoma, must be dismissed for lack of subject matter jurisdiction.

2. Breach of Fiduciary Duty

To the extent that the complaint alleges a claim for a breach of fiduciary duty by the United States in the management of plaintiff's inherited land in Oklahoma that was allotted and fractionated, the complaint fails to state a claim

7

upon which relief may be granted. Cf. ECF No. 1 at 3; ECF No. 11 at 4, 9. The Dawes Act, by itself, did not place a burden on the United States to "undertake[] full fiduciary responsibilities as to the management of allotted lands." United States v. Mitchell, 445 U.S. 535, 542 (1980). An allottee must point to specific circumstances in the federal management of allotted Indian lands to bring a claim for a breach of fiduciary duty by the United States. See, e.g., Brown v. United States, 86 F.3d 1554, 1563 (Fed. Cir. 1996) (stating that the claimant must "allege[] the breach of a specific duty that the [relevant] regulations squarely place on the [federal government]" (citing Pawnee v. United States, 830 F.2d 187, 191 (Fed. Cir. 1987))). Here, there are no specific facts alleged in the complaint which address the management or mismanagement by the United States of any land owned by plaintiff as an allottee.

Indeed, it is unclear from the complaint whether plaintiff is, indeed, an allottee. Mashichique Earl S.M. Burley states that his mother's estate was probated and that he has contested the "initial probate decisions," but the current ownership of his mother's former ownership share in any allotments remains unclear. ECF No. 1 at 13. In his response brief plaintiff states that he has "yet to receive an accounting of [his] . . . lands held in trust." ECF No. 11 at 4; see also id. at 9 (same). Assuming that plaintiff is indeed an allottee, nowhere in his complaint or response brief does he set forth specific allegations of fact describing the management of the United States of his allotment, or any specific allegations of fact as to the mismanagement of that allotment so as to support a claim for a breach of fiduciary duty by the United States.

To the extent that a breach of fiduciary duty claim could be discerned in the complaint, that claim must be dismissed under RCFC 12(b)(6). As the Supreme Court of the United States has stated:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). Here, there is no plausible claim for a breach of fiduciary duty by the United States in the complaint, because plaintiff has not alleged any of the specific facts that would support such a claim.

8

IV.	Conclusion

For the reasons stated in this opinion, plaintiff's claims cannot be litigated in this court.[2] Accordingly,

(1) Defendant's motion to dismiss, ECF No. 10, is **GRANTED**;

(2) Because all of plaintiff's claims must be dismissed, plaintiff's motion for summary judgment, ECF No. 15, is **DENIED** as moot;

(3) The clerk's office is directed to **DISMISS** plaintiff's complaint and **ENTER** final judgment for defendant, as follows: all of the claims in the complaint, except for the breach of fiduciary duty claim, shall be dismissed for lack of subject matter jurisdiction, without prejudice; plaintiff's breach of fiduciary duty claim shall be dismissed for failure to state a claim upon which relief can be granted, with prejudice; and

(4) No costs.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge

---

[2] The court has considered whether any of plaintiff's claims that are barred on jurisdictional grounds should be transferred to a district court under 28 U.S.C. § 1631 (2012). The court, however, discerns no claims in the complaint which could be addressed by a district court.